WO                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anthony Grady, | ) | No. CV 09-1829-PHX-MHM (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joe Arpaio, et al., | ) | |
| Defendants. | ) | |

On September 1, 2009, Plaintiff Anthony Grady, who is confined in the Maricopa County Lower Buckeye Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In an October 30, 2009 Order, the Court granted the Application to Proceed and dismissed the Complaint, with leave to amend, because Plaintiff had failed to state a claim upon which relief could be granted. The Court gave Plaintiff 30 days to submit a first amended complaint that cured the deficiencies identified in the Order.

On November 10, 2009, Plaintiff filed a First Amended Complaint (Doc. #5). The Court will order Defendant Arpaio to answer Counts One and Three of the First Amended Complaint and will dismiss Count Two without prejudice.

**I.       Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

. . . .

. . . .

. . . .

## II. First Amended Complaint

In his three-count First Amended Complaint, Plaintiff sues Defendant Maricopa County Sheriff Joseph Arpaio. In each count, Plaintiff alleges a violation of his Fifth, Eighth, and Fourteenth Amendment rights.

In Count One, Plaintiff asserts that Defendant Arpaio sets policy and deliberately directs his staff to overcrowd the holding cells in the Fourth Avenue, Lower Buckeye, and Madison Avenue Jails. He claims that the intake/booking cells in the Fourth Avenue Jail were designed to hold 10-12 detainees but were filled with 30 detainees, that there was no place to sit other than a floor that had urine and vomit on it, and that he was held in the cell without a blanket or a mat on which to sleep. Plaintiff alleges that Defendant Arpaio overcrowds the holding cells at the Lower Buckeye Jail by putting 50 inmates in one cell, thereby forcing them to stand packed together. Plaintiff claims the holding cells at the Madison Avenue Jail are designed for 15 detainees but Defendant Arpaio fills them with 100 detainees; Plaintiff claims there are no benches or beds in the cells.

In Count Two, Plaintiff asserts that Defendant Arpaio sets policy and deliberately directs his staff to "cause suffering through torture." He claims Defendant Arpaio provides access to the recreation room, but no activities are allowed, and Defendant Arpaio directs his staff to have the air conditioning vents in the cells blow cold air on the beds. Plaintiff also claims that Defendant Arpaio makes detainees wear pink clothing that labels the detainees as "unsentenced." Plaintiff also alleges that he was not granted proper access to medication prescribed by a doctor.

In Count Three, Plaintiff claims Defendant Arpaio deliberately sets policy and directs his staff to feed inmates only two meals per day in order to cause pain and suffering from lack of food. Plaintiff contends that the meals are too small and contain old or rotten food. He claims that the meals are spaced to cause hunger pains and that he is not permitted to save food to eat later in order to avoid the hunger pains. Plaintiff also alleges that there was no response to his several requests to be "attended by a physician and dentist."

In his Request for Relief, Plaintiff seeks monetary damages and declaratory and injunctive relief.

**III.    Failure to State a Claim**

   **A.    Medical Claims**

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

As to his claim in Count Two that he was not granted proper access to medications prescribed by a doctor and his claim in Count Three that there was no response to his requests to be seen by a doctor and dentist, Plaintiff has not alleged that Defendant Arpaio personally participated in these deprivations, was aware of these deprivations and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss Plaintiff's medical claims in Counts Two and Three.

   **B.    Count Two**

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42

1 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). "It cannot be said that all . . . conditions . . . , even if discomforting or undesirable, amount to deprivations of constitutional dimensions . . . . [A] federal court is not the proper forum for challenging or changing every aspect of the harsh realities of confinement unless conditions cannot be tolerated under the Constitution." Thomas v. Smith, 559 F. Supp. 223, 224 (W.D.N.Y. 1983) (quoting Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980)). Plaintiff's allegations in Count Two do not rise to the level of constitutional violations. Thus, the Court will dismiss without prejudice Count Two.

**IV. Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Count One and Count Three. The Court will require Defendant Arpaio to answer those counts.

**V. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Count Two of the First Amended Complaint and the portion of Count Three raising a medical claim are **dismissed** without prejudice.

(2)     Defendant Arpaio must answer Count One and the portion of Count Three raising a claim regarding Plaintiff's meals.

(3)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. #5), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(6)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7)     The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by

1 | Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
2 | Marshal must:

3 |     (a) personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

6 |     (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

15 | (8) **If Defendant agrees to waive service of the Summons and First Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

18 | (9) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

21 | . . . .
22 | . . . .
23 | . . . .
24 | . . . .
25 | . . . .
26 | . . . .
27 | . . . .
28 | . . . .

(10) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 16th day of December, 2009.

Mary H. Murguia
United States District Judge